**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MIDFIRST BANK,<br><br>    Plaintiff,<br><br> v.<br><br>ANDRE HOWARD and SELINA K. HOWARD,<br><br>    Defendants. | Civil Action No. 25-14902 (JXN)(CF)<br><br>**<u>MEMORANDUM AND ORDER</u>** |

**<u>NEALS</u>**, District Judge

  Plaintiff Midfirst Bank ("Plaintiff") moved to remand this matter to New Jersey Superior Court on September 11, 2025. (Mot. to Remand, ECF No. 5.) Correspondingly, this Court stayed all proceedings and deadlines in this case until it decides the remand motion. (*See* Stay Order, ECF No. 14.) In the meantime, on May 26, 2026, Magistrate Judge Fais entered a Report and Recommendation ("R&R") recommending this Court grant the remand motion. (R&R, ECF No. 15.) Objections to the R&R, if any, were due on June 9, 2026.

  On June 9, 2026, *pro se* Defendants Andrew Howard and Selina K. Howard ("Defendants") filed an emergency motion to extend this Court's stay. (Mot. to Extend Stay, ECF No. 16.) If the Court grants Plaintiff's remand motion, Defendants move for the Clerk of Court extend this Court's stay so as to preserve jurisdiction over this action. (*See id.* at 3–5.)

  As an initial matter, the Clerk of Court does not have the power to stay this case. Courts have the inherent power to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants."). Clerks of court, on the other hand, may only "exercise the powers and perform the duties *assigned to them by the court*." 28 U.S.C. § 956 (emphasis added). This Court has not assigned the Clerk of Court the power to stay proceedings. However, viewing *pro se* Defendants' motion liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court construes the motion as having been brought before this Court, not the Clerk of Court.

The Court denies Defendants' motion to extend the stay for two reasons. First, it is unripe. A motion cannot depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 592 U.S. 125, 131 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Here, Defendants seek to extend the Court's administrative stay *if* the Court grants Plaintiff's remand motion. That is a load bearing *if*, and it makes Defendants' motion for a stay too speculative to grant.

Second, the Court cannot stay proceedings *after* finding it lacks subject matter jurisdiction. Subject matter jurisdiction defines both "the court's authority to hear a given type of case" and "the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citations omitted). Thus, from the moment the Court concludes that it lacks the authority to hear a case, it cannot rule on the matter further. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court simply does not have the power to do so. Nor can the Court pre-emptively enter a stay to preserve or create jurisdiction where none exists.

2

Therefore,

**IT IS** on this **10th** day of June 2026

**ORDERED** that:

Defendants' emergency motion to extend the stay (ECF No. 16) is **DENIED**.

_____
**JULIEN XAVIER NEALS**
**United States District Judge**